Dear Mr. Burson:
On behalf of the St. Landry Parish Police Jury, you make the following inquiry:
 What is the effect of a resolution, adopted by a prior police jury, upon the newly elected police jury?
Factually, you relate that by resolution adopted December 4, 1984, the St. Landry Parish Police Jury prohibited an individual from holding the office of President or Vice-President for more than two one-year consecutive terms. A new police jury took office in 1993 after a post re-apportionment election in 1992. These jurors now inquire whether the prior resolution governs the election of the president and vice president of the newly elected police jury.
It is the conclusion of this office that a resolution passed by the former police jury has no effect upon the newly elected police jury. We are guided by reference to Black's Law Dictionary, Fifth Edition, West Publishing Co. (1979) which defines the terms "ordinance" and "resolution" and states:
 "Ordinance A rule established by authority; a permanent rule of action; a law or statute. In its most common meaning, the term is used to designate the enactments of the legislative body of a municipal corporation. An ordinance is the equivalent of a municipal statute, passed by the city council, or equivalent body, and governing matters not already covered by federal or state law. Ordinances commonly govern zoning, building, safety, etc. matters of municipality. . . . (Emphasis added).
 Resolution A formal expression of the opinion or will of an official body or a public assembly, adopted by vote; as a legislative resolution. Such may be either a simple, joint or concurrent resolution.
 The term is usually employed to denote the adoption of a motion, the subject-matter of which would not properly constitute a statute, such as a mere expression of opinion; an alteration of the rules; a vote of thanks or of censure, etc. . . .'Resolution' denotes something less formal than `ordinance'; generally, it is mere expression of opinion or mind of council concerning some matter of administration, within its official cognizance, and provides for disposition of a particular item of administrative business of a municipality; it is not a law, and in substance there is no difference between resolution, order and motion. City of Salisbury, V. Nagel, Mo. App., 420 S.W.2d 37, 43. (Emphasis added)."
A resolution passed by the parish police jury council is distinguishable from an ordinance passed by vote of the police jury. The latter carries the force and effect of law, while the former expresses the opinion of the police jury or addresses administrative matters.
Although a resolution is binding upon the police jury that enacts same, and must be formally rescinded in order to be abrogated, it is our opinion that an old resolution would not be binding upon a newly elected police jury. The law directs the police juries and other parish governing authorities to "make regulations for their own government" and inherent in this directive is the ability to adopt by resolution new procedural rules and policies concerning the administration of government. See LSA-R.S. 33:1236(1).
It is the opinion of this office that the newly elected St. Landry Parish Police Jury must abide by all previously enacted ordinances adopted by the former police jury, as ordinances carry the force and effect of law, but need not follow or act to rescind previous resolutions adopted by the former police jury. The newly elected St. Landry Parish Police Jury may proceed to promulgate new resolutions concerning the administration of government.
Finally, state law does direct the police jury to elect a president, but does not mandate the election of a vice president. LSA-R.S. 33:1226 provides, in part:
 "Police jurors elected in the state general election of 1983 and thereafter shall on the second Monday in January next succeeding their election meet at the courthouse of their respective parishes, take the oath of office, organize and proceed to the discharge of their duties, and the police jury shall elect a president from their own number. The police jury may also, in its discretion, elect a vice-president who shall serve as president in the absence or inability of the president to serve for any reason. . . ." (Emphasis added).
The St. Landry Parish Police Jury must elect a new president, but is not required to elect a new vice president. State law presently does not limit the number of terms an individual may serve as president or vice president of a police jury, and for this reason, the newly elected St. Landry Parish Police Jury may proceed to make those selections from among their own number without regard to the resolution of the previous police jury.
Should you have further inquiries in which we may be of assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/0267E